**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| William Toigo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 3654 |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, William Toigo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, William Toigo ("Toigo"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt owed for a BB&T credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WWR"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois and six other states, Defendant WWR operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant WWR was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant WWR is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, WWR conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. Mr. Toigo is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a BB&T credit card. When WWR began trying to collect this debt from Mr. Toigo, by sending him a collection letter, dated March 16, 2011, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant WWR's collection actions. A copy of Defendant's letter is attached as Exhibit B.

7. Accordingly, on March 28, 2011, one of Mr. Toigo's attorneys at LASPD informed WWR, in writing, that Mr. Toigo was represented by counsel, and directed WWR to cease contacting him, and to cease all further collection activities because Mr. Toigo was forced, by his financial circumstances, to refuse to pay his unsecured debt.

Copies of this letter and fax confirmation are attached as Exhibit C.

8. Nonetheless, Defendant WWR repeatedly called and wrote directly to Mr. Toigo to demand payment of the BB&T credit card debt, including, but not limited to, telephone calls, from phone number 800-223-2070, on April 3, 9, 11, 13, 14, 15, 18, 19, 21, 22, 23, 24, 25, 27, 28, and 29, 2011, as well as calls on May 1, 4, 5, 7, 9, 10 and 11, 2011, and collection letters, dated April 21 and 29, 2011. Copies of these collection letters are attached as Exhibits D and E.

9. Accordingly, on May 11, 2011, one of Mr. Toigo's LASPD attorneys had to write to Defendant WWR again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

10. Defendant WWR's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant WWR's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Mr. Toigo's, agent, LASPD, told Defendant WWR to cease communications and cease collections (Exhibit C). By repeatedly telephoning Mr. Toigo regarding this debt and, and sending him letters demanding payment (Exhibits D and E), Defendant WWR violated § 1692c(c) of the FDCPA.

15. Defendant WWR's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant WWR knew that Mr. Toigo was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant WWR to cease directly communicating with him. By repeatedly telephoning Mr. Toigo and by directly sending Mr. Toigo collection letters (Exhibits D and E), despite being advised that he was represented by counsel, Defendant WWR violated § 1692c(a)(2) of the FDCPA.

19. Defendant WWR's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15

U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, William Toigo, prays that this Court:

1. Find that Defendant WWR's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Toigo, and against Defendant WWR, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, William Toigo, demands trial by jury.

William Toigo,

By: /s/ David J. Philipps______
One of Plaintiff's Attorneys

Dated: May 31, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com